1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES GLEASON, JESSE SCOTT-
KANDOLL, and PEDRO ESPINOZA,

Plaintiffs,

v.

DOUG ORTH and EVELYN SHAPIRO,

Defendants.

CASE NO. 2:22-cv-00305-JHC

ORDER

**I.**

**INTRODUCTION**

This matter comes before the Court on Defendant Evelyn Shapiro's Motion to Dismiss

Plaintiffs' Complaint, Dkt. # 15, and Defendant Doug Orth's Motion to Dismiss, Dkt. # 18.  The

Court has considered the materials filed in support of, and in opposition to, the motions, and the

case file.  Being fully advised, and for the reasons below, the Court GRANTS in part and

DENIES in part Orth's motion and DENIES Shapiro's motion.

ORDER - 1

## II.

### BACKGROUND

A.     The Parties

Defendants Orth and Shapiro served as trustees and co-chairs of the Board of Trustees ("Board") of the Carpenters-Employers Apprenticeship Training Trust of Washington-Idaho ("Trust"), which funds apprenticeships and other training for apprentice and journeymen carpenters.  Dkt. # 1 at ¶¶ 2, 11–12, 21, 23.  *See* Dkt. # 19-1 ("Trust Agreement").  The parties do not dispute that the Trust is an employee welfare benefit plan under the Employee Retirement Income Security Act ("ERISA").  Dkt. # 1 at ¶¶ 8, 27–28.

Plaintiff James Gleason, who sits on the Board, brings this action as a fiduciary.  *Id.* at ¶ 9.  Plaintiff Pedro Espinoza brings this action as a Trust participant and beneficiary.  *Id.* at ¶ 10.  Plaintiff Jesse Scott-Kandoll, who sits on the Board, brings this action as a fiduciary, participant, and beneficiary.  *Id.* at ¶¶ 9–10.

B.     Summary of Plaintiffs' Allegations

In September 2018, the Board hired Bob Susee to serve as Executive Director of the Trust's Apprenticeship Program.  *Id.* at ¶¶ 41, 68.  Susee's Employment Agreement provided that the Board "shall be the Director's supervisor, and Director shall answer to the Board, as his employer."  *Id.* at ¶ 50.  Defendants signed the agreement for the Trust.  *Id.* at ¶ 49.  Susee served as Executive Director until he resigned in February 2022.  *Id.* at ¶ 41.  Susee is not a defendant in this case.

Plaintiffs allege: Susee worked on a half-time basis, despite the position requiring full-time work and providing a full-time salary.  *Id.* at ¶¶ 45, 68–73.  Susee did not attend committee meetings, interview prospective employees, answer emails and phone calls promptly, or advise as to when he would be absent.  *Id.* at ¶ 74.  Susee came to work two or three times over a span

ORDER - 2

of two years and once used five consecutive weeks of sick time without submitting

documentation of any illness.  *Id.* at ¶¶ 82–93.  Susee hired an Assistant Director to perform

most of his work.  *Id.*

Plaintiffs also allege: Defendants approved a pay increase for Apprenticeship Program

staff, including Susee, in violation of the Trust Agreement requiring the full Board's

approval.  *Id.* at ¶¶ 161–84.  Between 2019 and 2021, Susee "cashed out" 281.35 hours of

unused vacation time, leading the Trust to pay Susee over $30,719 "[i]n direct contradiction to

the provisions of his Employment Agreement."  *Id.* at ¶¶ 104–52.

Finally, Plaintiffs allege: Defendants failed to monitor the Trust's investments by not

investigating whether the Trust's portfolio could be invested in institutional funds with lower

fees.  *Id.* at ¶¶ 185–94.  The Trust hired an investment advisor who provided reports and regular

updates to the Board during meetings.  *Id.*  At least 12 of the 21 investment funds in the Trust's

portfolio were invested in funds with "higher fees than necessary."  *Id.* at ¶ 191.

C.     Procedural History

On March 14, 2022, Plaintiffs filed their complaint, which contains two causes of action.

*Id.* at 22–23.  The first sounds in breach of fiduciary duties under Section 1104(a)(1)[1] of ERISA

("Count I").  *Id.*; *see* 29 U.S.C. § 1104(a)(1).  Plaintiffs claim Defendants breached their

fiduciary duties by: (1) approving a pay increase for Susee without the Board's authorization; (2)

failing to monitor Susee, resulting in his absences from work, his poor management

performance, and his stealing of Trust assets by cashing out his unused vacation hours; and (3)

---

[1] The complaint contains typographical errors: it cites non-existent statutes for the two causes of action.  Dkt. # 1 at 22–23 ("29 U.S.C. § 404" and "29 U.S.C. § 405").  When pleadings contain typographical errors, courts commonly apply the intended section.  *Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1138 n.5 (9th Cir. 2013).  The Court construes the causes of action as brought under 29 U.S.C. § 1104 and 29 U.S.C. § 1105, as Plaintiffs claim they intended.

failing to monitor the Trust's investments.  Dkt. # 1 at ¶ 198–99.  The second cause of action sounds in breach of co-fiduciary duty under Section 1105 of ERISA ("Count II").  *Id.* at ¶¶ 201–10; *see* 29 U.S.C. § 1105.  Plaintiffs claim that Defendants, as co-fiduciaries of Susee, enabled him to breach his fiduciary duties of loyalty and prudence owed to the Trust.  Dkt. # 1 at ¶¶ 201–210.

On April 11, 2022, Shapiro filed a Motion to Dismiss Plaintiffs' Complaint, which the Court construes as a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).  Dkt. # 15.  On June 3, 2022, Orth filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Dkt. # 18.

**III.**

**ANALYSIS**

A.      Legal Standards

1.      Rule 12(b)(1)

Lack of Article III standing requires dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003).  "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Id.*  For a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*  In such an attack, courts may review evidence outside the complaint and "need not presume the truthfulness of the plaintiff's allegations."  *Id.*

2.      Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion under this rule, the Court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But legal conclusions "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Id.* at 679. Courts may dismiss a complaint under Rule 12(b)(6) that lacks a "cognizable legal theory" or does not allege "sufficient facts" under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Courts generally cannot consider evidence outside the pleadings when evaluating the sufficiency of a complaint for a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). If a court considers evidence extrinsic to the pleadings, the motion is "treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "[M]aterials incorporated into the complaint" are an exception. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). For the incorporation by reference doctrine, courts consider documents "where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Id.*

B.      Orth's Motion to Dismiss

Orth moves to dismiss on two grounds, asserting (1) lack of Article III standing, and (2) failure state a claim for relief.

1.      Article III Standing

Orth's jurisdictional attack is factual because he contends Plaintiffs misrepresent the parties' involvement with the Trust, and he requests that the Court review evidence outside the complaint.  Plaintiffs concede that the Court may review extrinsic evidence to resolve Orth's standing argument.  Thus, in deciding whether Plaintiffs establish constitutional standing, the Court does not presume that the complaint's allegations are true and considers the exhibits Orth submitted in support of his motion.  *See* Dkts. ## 19-1–19-9.  Plaintiffs did not submit extrinsic evidence in opposition to Orth's motion.

Article III standing requires injury-in-fact, causation, and redressability.  *Thole v. U.S. Bank N.A*, 140 S. Ct. 1615, 1618 (2020).  Orth addresses only the first two of these three elements of standing.  First, he raises the question whether Espinoza and Scott-Kandoll as participants and beneficiaries allege facts sufficient to: (1) show an injury-in-fact; and (2) establish standing for their claims for injunctive relief.  Next, he raises the issue whether Scott-Kandoll and Gleason as trustees satisfy the causation requirement.

a.      Espinoza and Scott-Kandoll as Participants and Beneficiaries

i.      Injury-in-fact

A plaintiff's alleged injury-in-fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180 (2000).

Orth asks the Court to follow *Thole*, a case in which the Supreme Court upheld a district court's dismissal on standing grounds.  140 S. Ct. at 1619.  That case concerned an ERISA

action brought by defined-benefit retirement plan participants alleging breach of the duties of loyalty and prudence. *Id.* at 1618. The plaintiffs had received "all of their vested pension benefits so far," and they were "legally entitled to receive the same monthly payments for the rest of their lives." *Id.* at 1622. The Supreme Court held that the plaintiffs failed to allege a concrete monetary injury because "[w]inning or losing the suit would not change the plaintiffs' monthly pension benefits." *Id.* at 1621–22.

Plaintiffs say that *Thole* does not apply because its holding is limited to defined-benefit retirement plans, while the Trust is an employee welfare benefit plan with varied benefits. *See Hoeffner v. D'Amato*, No. 09CV3160PKCCLP, 2022 WL 1912942, at *5 (E.D.N.Y. June 2, 2022) (holding that *Thole* did not apply because the welfare fund's benefits "fluctuated based on the fund's overall assets"). Plaintiffs assert that contrary to the quantifiable, fixed benefits plan in *Thole*, the Trust's benefits are "not quantifiable." Dkt. # 17 at 6. Instead, they say that the "benefits of a robust and well-funded training program are extensive and flow beyond the immediate programming." *Id.*

This Court does not interpret *Thole* as applying exclusively to defined-benefit plans. The Supreme Court noted that the plaintiffs' retirement plan being a defined-benefit plan was "[o]f decisive importance" because it showed the plaintiffs' lack of a concrete stake in the case's outcome. 140 S. Ct. at 1618, 1622. But as in *Thole*, Espinoza and Scott-Kandoll fail to show that they each suffered a particularized injury-in-fact. The complaint alleges Espinoza and Scott-Kandoll are Trust participants and beneficiaries; both are employees whose employers contribute to the Trust on their behalf. Dkt. # 1 at ¶ 10. The Trust provides apprenticeship and journey-level training programs for carpenters. The complaint does not allege that either Espinoza or Scott-Kandoll are enrolled or intend to enroll in any programming. Instead, Plaintiffs say they are "eligible to take advantage" of training programs the Trust offers. Dkt. # 20 at 11. Plaintiffs

also have not alleged that the Apprenticeship Program's training was harmed in a certain way because of Defendants' conduct.

Plaintiffs say that Espinoza and Scott-Kandoll suffered harm because of financial losses to the Trust based on mismanagement, improperly retained vacation hours, and investment in funds with high fees. Plaintiffs assert that the Trust's alleged financial losses and deficient Executive Director "would necessarily have damaged the Trust and its programming overall." *Id.* But they present no particularized injuries to Espinoza and Scott-Kandoll. Any alleged harm appears to be "hypothetical or conjectural," which cannot satisfy the injury-in-fact requirement.

In a similar case, *Pette v. Int'l Union of Operating Engineers*, brought by participants in an apprenticeship training trust, a federal district court granted a motion to dismiss for lack of Article III standing. No. CV1209324DDPPJWX, 2016 WL 4596338, at *1–*2 (C.D. Cal. Sept. 2, 2016). There, the Trust functioned similarly: "the Training Trust does not require any contributions from employees, and employers bear the entire cost. Plaintiffs, therefore, cannot and do not allege that the supposed under-funding of the Training Trust caused them any additional expense." *Id.* at *6. The plaintiffs did not allege that they were "denied specific training or would have received more or better training." *Id.* The court ruled that the plaintiffs' "general allegation . . . that the Training Trust was deprived of assets it otherwise might have used for training purposes is not sufficient to establish that Plaintiffs themselves suffered a particularized harm." *Id.*

ii.      Injunctive relief

Plaintiffs assert alternatively that Espinoza and Scott-Kandoll have standing to pursue injunctive relief as ERISA beneficiaries. *See* Dkt. # 1 at 25 (Plaintiffs request "[a]n order removing Orth as Trustee"). Plaintiffs cite two cases for the proposition that ERISA beneficiaries have standing to seek injunctive relief: *Slack v. Int'l Union of Operating Engineers*,

No. C-13-5001 EMC, 2014 WL 4090383, at \*11–\*13 (N.D. Cal. Aug. 19, 2014) (asserting plaintiffs "can have standing under ERISA to seek injunctive relief without first showing a direct injury or loss"), and *Wells v. California Physicians' Serv.*, No. C-13-5001, 2007 WL 926490, at \*3–\*4 (N.D. Cal. Mar. 26, 2007) (holding ERISA plan participant seeking injunctive relief "need not demonstrate that he was individually harmed or suffered a loss" because injury-in-fact is met by showing an ERISA violation).  But these cases predate the Supreme Court's decision in *Thole*.  There, the Court dismissed the plan participant plaintiffs' claims for injunctive relief for lack of injury-in-fact, noting that "[t]here is no ERISA exception to Article III."  *Id.* at 1616, 1622.  Even in pursuit of injunctive relief, Plaintiffs present no concrete injuries for Espinoza and Scott-Kendall.

As participants and beneficiaries, Espinoza and Scott-Kandoll have not satisfied the injury-in-fact standing requirement for Article III standing.  Below, the Court examines whether Scott-Kandoll, as well as Gleason, has standing as a trustee.

> **b.**  Scott-Kandoll and Gleason as Trustees

For the causation requirement, the injury must be "fairly traceable to the challenged action of the defendant."  *Mendia v. Garcia*, 768 F.3d 1009, 1012 (9th Cir. 2014) (quoting *Bennett v. Spear*, 520 U.S. 154, 167 (1997)).  "Purely 'self-inflicted injuries' are insufficient." *Skyline Wesleyan Church v. California Dep't of Managed Health Care*, 968 F.3d 738, 748 (9th Cir. 2020) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 415–18 (2013)).  *See Petro-Chem Processing, Inc. v. EPA*, 866 F.2d 433, 438 (D.C. Cir. 1989) (self-inflicted injuries do not satisfy standing if "so completely due to the [complainant's] own fault as to break the causal chain") (internal quotations omitted).

i.      Scott-Kandoll

Orth contends Scott-Kandoll complains of self-inflicted injuries because he seeks to hold Defendants responsible for conduct the entire Board was responsible for, including trustee Scott-Kandoll. Scott-Kandoll's injuries cannot be attributed exclusively to Scott-Kandoll because Orth as trustee was similarly responsible for the alleged harm. Scott-Kandoll did not suffer "purely" self-inflicted injuries; the injuries remain equally traceable to Orth. *Skyline Wesleyan Church*, 968 F.3d at 748.

ii.      Gleason

Orth says Gleason also complains of self-inflicted injuries because in 2022, Gleason apparently approved staff pay raises without seeking the Board's approval. Orth contends Gleason similarly could have shifted the Trust's portfolio to lower-rate funds.

Plaintiffs assert Gleason began to serve as trustee in "late 2021," a point Orth does not challenge. Dkt. # 19 at 10. The complaint includes allegations against Defendants up through December 2021 but does not suggest whether any of the alleged conduct took place after Gleason became a trustee. Nor does Orth provide any information as to this timing. And Gleason could not self-inflict an injury before beginning his service as trustee—there would be no duty to monitor either Susee nor the Trust's investments. And as above, Gleason's injuries cannot be "purely" self-inflicted because the challenged conduct was the entire Board's responsibility. *Skyline Wesleyan Church*, 968 F.3d at 748.

Thus, as trustees, Scott-Kendall and Gleason appear to have Article III standing to proceed as plaintiffs in this matter.

2.      Failure to State a Claim

In support of his motion, Orth presents a declaration and nine exhibits. *See* Dkts. ## 19, 19-1–19-9. Plaintiffs object to the declaration and six of the exhibits on the grounds that district

ORDER - 10

courts generally cannot consider extrinsic evidence on a Rule 12(b)(6) motion.  Dkt. # 20 at 13

(citing *Khoja*, 899 F.3d at 1002).  *See* Dkts. ## 19, 19-3, 19-5–19-9.  Under the incorporation by

reference doctrine, the Court considers only the Trust Agreement (Dkt. # 19-1) and Susee's

Employment Agreement (Dkt. # 19-4) because the complaint relies on and contains quotations to

both documents.  *See Coto Settlement*, 593 F.3d at 1038.  The Court does not see a basis for

considering the other objected-to material in the context of this Rule 12(b)(6) motion.

        a.      Cognizable ERISA claim

To bring an ERISA claim, "a plaintiff must fall within one of ERISA's nine specific civil

enforcement provisions, each of which details who may bring suit and what remedies are

available."  *Id.* (quoting *Reynolds Metals Co. v. Ellis*, 202 F.3d 1246, 1247 (9th Cir. 2000)); *see*

29 U.S.C. §§ 1132(a)(1)–(9).  Orth says that Plaintiffs have not alleged a cognizable ERISA

claim because they pleaded their causes of action under Sections 1104 and 1105, sections that

describe ERISA's fiduciary duties, rather than one of the nine civil enforcement ERISA

provisions. 29 U.S.C. §§ 1104, 1105.  Orth concedes that Plaintiffs could bring their causes of

action under Section 1132(a)(2), which authorizes ERISA plan participants, beneficiaries, or

fiduciaries to seek "appropriate relief" for losses to the plan from breaches of fiduciary duty.  29

U.S.C. §§ 1132(a)(2), 1109.  And Plaintiffs contend that they have a viable claim under Section

1132(a)(2).

A court "will not dismiss the complaint merely because the plaintiff's allegations do not

support the particular legal theory he advances."  *Espinoza v. Fry's Food Stores of Arizona, Inc.*,

806 F. Supp. 855, 858 (D. Ariz. 1990).  *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11

(2014) (holding that Rule 8(a) does not allow dismissing a complaint for an "imperfect statement

of the legal theory supporting the claim asserted").

1

2
Plaintiffs mistakenly failed to cite the appropriate ERISA civil enforcement provision in

the complaint.  But because Section 1132(a)(2) offers a cognizable legal theory for Plaintiffs, the

3
complaint's defect is not a ground for dismissal.

4
　　　　　　　b.　　　Breach of fiduciary duty

5
For Count I, Plaintiffs claim breach of three ERISA fiduciary duties: the duty to act in

6
accordance with the governing plan documents and instruments, the duty of prudence, and the

7
duty of loyalty.[2]  29 U.S.C. §§ 1104(a)(1)(A), (B), (D).

8
　　　　　　　i.　　　Pay increase for staff

9
An ERISA fiduciary must act "in accordance with the documents and instruments

10
governing the plan."  *Id.* § 1104(a)(1)(D).  Plaintiffs allege Orth failed to adhere to plan

11
documents in violation of Section 1104(a)(1)(D) by approving annual raises for Apprenticeship

12
Program staff, including Susee, without the full Board's approval.  The Trust Agreement

13
provides that the Board "shall have the power to employ such executive" personnel and "to pay

14
or cause to be paid out of the Fund the compensation and necessary expenses of such personnel."

15
Dkt. # 19-1 at 19.  The plain language of the Trust Agreement requires the Board's approval for

16
executive personnel compensation decisions.  Thus, Plaintiffs state a claim under Section

17
1104(a)(1)(D) of ERISA.

18

19

20

21

22

23

24

---

[2] For the duty of loyalty, ERISA requires that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of . . . providing benefits to participants and their beneficiaries[] and defraying reasonable expenses of administering the plan."  29 U.S.C. § 1104(a)(1)(A).  Plaintiffs bring Count I based in part on the duty of loyalty, but there do not appear to be allegations corresponding to Defendants' alleged breach of the duty of loyalty in the complaint's section on Count I.  The Court considers the duty of loyalty in its review of Count II but need not evaluate Susee's alleged breaches because Plaintiffs' co-fiduciary claim fails on the grounds discussed below.

ORDER - 12

ii.       Failure to monitor investments

For the duty of prudence, an ERISA fiduciary must act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent [person] acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."  29 U.S.C. § 1104(a)(1)(B).

Plaintiffs claim Orth breached his duty of prudence "to investigate and monitor the Trust's investments."  Dkt. # 1 at ¶ 199; Dkt. # 20 at 18.  They say that because of Defendants' omissions, certain funds within the Trust's portfolio were invested in investment funds with higher fees than necessary, causing undetermined financial losses to the Trust.  Dkt. # 1 at ¶¶ 191, 194.  But Plaintiffs' allegations are implausible because both ERISA and the Trust Agreement permit delegation of investment choices to an appointed investment manager such that trustees are not liable for a manager's acts or omissions.

Section 1102(c)(3) of ERISA dictates that an employee benefit plan may provide "that a person who is a named fiduciary with respect to control or management of the assets of the plan may appoint an investment manager . . . to manage (including the power to acquire and dispose of) any assets of the plan."  29 U.S.C. § 1102(c)(3).  If an investment manager is appointed under Section 1102(c)(3), "no trustee shall be liable for the acts or omissions of such investment manager or managers, or be under an obligation to invest or otherwise manage any asset of the plan which is subject to the management of such investment manager."  29 U.S.C. § 1105(d)(1).

Similarly, the Trust Agreement provides that the Board "shall have the power to appoint one or more Investment Managers with full authority to manage such assets of the Trust as the Board of Trustees may commit to their management."  Dkt. # 19-1 at 17–18.  If an investment manager is appointed, "no member of the Board of Trustees shall be liable for the acts or omissions of such Investment Manager or be under any obligation to invest or otherwise manage

ORDER - 13

any asset of the Fund which is made subject to the management of such Investment Manager." *Id.* at 18.

Plaintiffs do not dispute that the Board appointed an investment manager to oversee investment decisions.  ERISA and the Trust Agreement relieve Orth of liability for the conduct of the investment manager.  *See, e.g.*, *Lauderdale v. NFP Ret., Inc.*, No. SACV21301JVSKESX, 2021 WL 3828646, at *6 (C.D. Cal. Aug. 18, 2021) ("flexPATH's status as an appointed investment manager therefore precludes Plaintiffs' claim against the Wood Defendants insofar as it relates to flexPATH's investment in the target date funds"); *Herman v. NationsBank Tr. Co.*, 126 F.3d 1354, 1361 (11th Cir. 1997) ("if the plan provides that an investment manager has the authority to control plan assets, then the trustee is not liable for losses caused by the investment manager").[3]

Further, alleging merely the availability of lower-cost institutional funds cannot state a claim for breach of fiduciary duty under ERISA.  *See Hecker v. Deere & Co.*, 556 F.3d 575, 586 (7th Cir. 2009) (explaining that it "is beside the point" that other funds might have lower fees because "nothing in ERISA requires every fiduciary to scour the market to find and offer the cheapest possible fund"); *Tobias v. NVIDIA Corp.*, No. 20-CV-06081-LHK, 2021 WL 4148706, at *11 (N.D. Cal. Sept. 13, 2021) (ruling that allegations "regarding the availability of lower cost

---

[3] Plaintiffs counter that Orth remains liable because of Section 1105(d)(2) of ERISA.  29 U.S.C. § 1105(d) protects trustees against liability for an investment manager's acts but does not protect trustees against liability for their own acts.  29 U.S.C. § 1105(d)(2).  But the complaint alleges Defendants' omissions, not acts, were a breach of fiduciary duty.  Dkt. # 1 at ¶ 194 ("failure to monitor or investigate the Trust investments").  *See McGinnes v. FirstGroup Am., Inc.*, No. 1:18-CV-326, 2021 WL 1056789, at *11 (S.D. Ohio Mar. 18, 2021) (fiduciary who "actively participates in an imprudent investment decision" may be liable, despite the appointment of an investment manager).  And the complaint does not allege participation by Orth.

share classes are, without more, insufficient to state a claim for breach of the duty of imprudence").[4]

In sum, Plaintiffs have failed to state a claim for failure to monitor investments.

c.       Failure to monitor Susee

For Count I, Plaintiffs claim that Defendants "violated their own fiduciary duties by . . . failing to monitor Susee's absences and performance of his agreement," which facilitated Susee improperly cashing out vacation and "failing to perform his management duties" required of him. Dkt. # 1 at ¶198.  The Court construes this claim as an alleged breach of Defendants' duty of prudence in monitoring Susee.

"The duty of an ERISA fiduciary to review the performance of its appointees is a limited one." *In re Calpine Corp.*, No. C-03-1685 SBA, 2005 WL 1431506, at *6 (N.D. Cal. Mar. 31, 2005).  "[A] fiduciary must review the performance of its appointees at reasonable intervals in such a manner as may be reasonably expected to ensure compliance with the terms of the plan and statutory standards." *Id*.  "No single procedure will be appropriate in all cases; the procedure adopted may vary in accordance with the nature of the plan and other facts and circumstances relevant to the choice of the procedure."  29 C.F.R. § 2509.75-8.

To defeat a motion to dismiss for failure to monitor, the nonmovant must point to allegations of specific facts about the extent a fiduciary did not monitor its appointee.  *See Carter v. San Pasqual Fiduciary Tr. Co.*, No. SACV1501507JVSJCGX, 2016 WL 6803768, at *5 (C.D. Cal. Apr. 18, 2016) (dismissing claims because "Plaintiffs allege no facts regarding whether, when, and to what extent Defendants monitored either the . . . Trust or other Defendants"); *Neil*

---

[4] Plaintiffs contend that the Court should not consider certain cases cited by Orth because they relate to breach of fiduciary duty for ERISA retirement plans, rather than ERISA welfare benefit funds like the Trust.  Plaintiffs fail to explain why this distinction makes a legal difference as to the analysis about investment fund fees and ERISA's duty of prudence.

ORDER - 15

*v. Zell*, 677 F. Supp. 2d 1010, 1023–24 (N.D. Ill. 2009) ("Plaintiffs allege only in the most general terms that [the Board] breached their duty to monitor GreatBanc. . . . Without more, Plaintiffs' allegations that the Board breached its duty to monitor is no more than conceivable; it fails *Twombly*'s plausibility requirement.").

The complaint alleges that Susee came to work two or three times over two years, he used five consecutive weeks of sick time at one point without submitting documentation of any illness, and he delegated most of his job duties to an Assistant Director, along with other allegations of sub-par performance.  Dkt. # 1 at ¶¶83, 89, 91–93.  But as discussed above, Orth did not appoint Susee; the entire Board unanimously appointed Susee, including Plaintiff Scott-Kendall.  Any duty to monitor Susee was shared among all Board members.  The complaint does not show how Orth specifically failed to monitor Susee.

*Co-fiduciary Liability.*  Similarly, for Count II, Plaintiffs seek to hold Defendants liable for Susee's alleged breaches of fiduciary duty by alleging co-fiduciary liability for failure to monitor Susee.  *See* 29 U.S.C. § 1105(a)(2).  Plaintiffs allege that Defendants "enabled" Susee's breaches by not properly monitoring him.  *Id.*  Plaintiffs may not state a claim for co-fiduciary liability without establishing an underlying ERISA claim for breach of fiduciary duty.  *Id.* Because Plaintiffs have not adequately pleaded that Orth's failure to monitor Susee is a breach of the duty of prudence, Plaintiffs' co-fiduciary claim fails as a matter of law.  *See Anderson v. Intel Corp. Inv. Pol'y Comm.*, 579 F. Supp. 3d 1133, 1162 (N.D. Cal. 2022); *Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 789 (N.D. Cal. 2019); *In re HP ERISA Litig.*, No. C-12-6199 CRB, 2014 WL 1339645, at *8 (N.D. Cal. Apr. 2, 2014).

In sum, Plaintiffs have failed to state a claim for failure to monitor Susee and co-fiduciary liability.

3.      Leave to Amend

Plaintiffs request that, if the Court dismisses any part of the complaint against Orth, the Court grant leave to amend the complaint.  Dkt. # 20 at 7–8, 21.  A district court should grant such leave "when justice so requires," Fed. R. Civ. P. 15(a), unless it determines that "the pleading could not possibly be cured by the allegation of other facts," *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995)).  "It is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile."  *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015).  Orth counters on futility grounds, pointing to the complaint's "deficiencies with respect to causation or ERISA's safe harbor where an investment manager has been appointed."  Dkt. # 21 at 12.

As to the claim for breach of the duty of prudence for failure to monitor the Trust's investments, the Court agrees that amendment is futile because the Trust appointed an investment manager under Section 1105(d)(1) of ERISA.  *Herman*, 126 F.3d at 1361.  For all other claims, the Court is inclined to grant leave to amend because Plaintiffs could cure their claims against Orth by alleging additional facts and adding parties.

C.      Shapiro's Motion to Dismiss

First, Shapiro says the complaint should be dismissed under *Iqbal* because it contains "generalized allegations of wrongdoing."  Dkt. # 15 at 4.  But it appears to the Court that the complaint's 210 paragraphs of allegations are not so generalized as to require dismissal.

Second, Shapiro asserts the complaint is defective for failure to state a claim recognized in law.  *Id.* ("There is no statute or cause of action as pled because the citations do not exist.").  The Court gathers Shapiro references the complaint's citation to non-existent statutes.  Dkt. # 1 at 22–23 ("29 U.S.C. § 404" and "29 U.S.C. § 405").  As discussed above, the Court will apply

the intended statutes, 29 U.S.C. § 1104 and § 1105, despite these typographical errors.  *See*

*Wash. Envtl. Council*, 732 F.3d at 1138 n.5.

Third, Shapiro contends that the complaint fails to state a cognizable claim for breach of

fiduciary duty because ERISA does not impose a duty of non-negligent supervision of another

fiduciary, and there are no allegations that Shapiro knowingly participated or tried to conceal

Susee's behavior.  But the complaint alleges under Section 1105(a)(2) of ERISA that Shapiro's

breach of fiduciary duty for failure to monitor Susee "enabled" him to commit other breaches of

fiduciary duty.  29 U.S.C. § 1105(a)(2).  This section for ERISA co-fiduciary liability does not

require Shapiro's active participation in Susee's misconduct.  *Id.*

Fourth, Shapiro says that, as she no longer serves on the Board, the claims against her are

defective because her termination "fully mitigate[d] any harm she could cause."  Dkt. # 15 at 5.

ERISA provides that a fiduciary is personally liable for breaches of fiduciary duty committed

during the individual's tenure as a fiduciary, irrespective of whether they no longer serve as a

fiduciary.  *See* 29 U.S.C. § 1109(a).

In sum, Shapiro does not show that Plaintiffs have failed to state a claim for relief.

## V.

### CONCLUSION

In conclusion, the Court GRANTS in part and DENIES in part Orth's motion to dismiss

as follows:

1. On standing grounds, the Court DISMISSES without prejudice the claims brought by
   Espinoza and Scott-Kandoll as participants and beneficiaries against Orth.

ORDER - 18

2.  The Court DISMISSES with prejudice Plaintiffs' claim against Orth for breach of the

duty of prudence for failure to monitor the Trust's investments.[5]

3.  The Court DISMISSES without prejudice Plaintiffs' claim against Orth for breach of

the duty of prudence for failure to monitor Susee and for co-fiduciary liability.

The Court DENIES Shapiro's motion to dismiss.

The Court GRANTS Plaintiffs leave to amend their complaint.  Any amended complaint

must be filed by Friday, October 21, 2022.  It may include additional parties and factual

allegations; but it may not include additional causes of action.  If Plaintiffs seek to add causes of

action, they must seek leave of the Court.  If the amended complaint fails to cure any of the

deficiencies noted above, there may be dismissal of claims with prejudice.  *Anderson*, 579 F.

Supp. 3d at 1155.

Dated this 28th day of September, 2022.


John H. Chun
United States District Judge

---

[5] The Court anticipates that, given this ruling, Shapiro may seek dismissal of this claim against her for failure to monitor investments; and, given the Court's other rulings as to Orth, depending on any amended complaint, may seek dismissal of additional claims.

ORDER - 19